IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

FAUSTO AGUERO ALVERADO,

       Petitioner,                                                   OPINION AND ORDER

     v.                                                            24-cv-746-wmc

SITTING U.S. ATTORNEY GENERAL,
THE BUREAU OF PRISONS, and
FCI-WARDEN E. EMMERICH,

       Respondents.

_____

Petitioner Fausto Aguero Alverado("Alverado"), also known as Fausto Aguero Alvarado, is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Alverado has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that prison officials have improperly forfeited his telephone and email privileges in violation of his right to due process and engaged in abusive conduct, among other mistreatment. (Dkt. #1). Alverado, who initially sought a stay of these proceedings (*Id*. at 11), has also filed a motion "to lift the stay in this case," which is construed as a motion for leave to proceed. (Dkt. #4.) That motion will be denied as moot, and the petition will be dismissed for the reasons explained below.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to

1

challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Court records reflect that petitioner is presently incarcerated as the result of a federal conviction for conspiracy to distribute five kilograms of more of cocaine with knowledge that it would be imported into the United States in violation of 21 U.S.C. § 963. He received a sentence of 360 months' imprisonment followed by a 5-year term of supervised release in that case. *See United States v. Fausto Aguero Alvarado*, No. 1:11CR20026 (S.D. Fla. Oct. 11, 2013); *see also United States v. Alvarado*, 808 F.3d 474 (11th Cir. 2015) (affirming the conviction). His projected release date is June 5, 2035.

Petitioner contends that he has earned considerable telephone and email privileges during his confinement, but that prison officials have "continually temporarily forfeited" those privileges to "punish" him without giving him a reason. (Dkt. #1, at 7-8 ¶¶ 4, 6.) Petitioner, who argues that he has committed no disciplinary infraction that would warrant restrictions on his privileges, argues that these privileges have been temporarily forfeited on a continuous basis without due process. (*Id*. at 8-9.) He claims further that staff generally refuse to provide inmates at FCI-Oxford with grievance forms and regularly use

2

abusive, derogatory language as well as threatening them with placement in a special housing unit. (*Id*. at 10.) In addition, petitioner alleges that inmates at FCI-Oxford are "housed in structures which should [have] been condemned, demolished and rebuilt long time ago, as besides the black mold infestation, such facilities do not comply with today's construction code. (*Id*. at 11.) Petitioner seeks a court order directing the BOP to leave his telephone and email privileges undisturbed. (*Id*.) He further seeks immediate restoration of his email privileges and an order requiring BOP officials to train staff not to use abusive, derogatory language towards inmates. (*Id*. at 12.) Because petitioner believes he is the victim of retaliation, he also asks the court to order the BOP to transfer him to a different facility. (Dkt. #4, at 4.)

Petitioner's allegations of due process violations, mistreatment, unsafe housing, and retaliation concern the conditions of his confinement. Petitioner cannot seek relief related to conditions of confinement under 28 U.S.C. § 2241, which is limited to challenges to the validity or duration of a prisoner's confinement. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). Rather, challenges to a prisoner's conditions of confinement must be brought in a civil rights action. *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005). Likewise, to the extent that petitioner seeks a transfer, the court has no authority over prison classifications or placement decisions, which are determined by the BOP. 18 U.S.C. § 3621. Accordingly, the petition must be denied and this case will be dismissed for failure to state a claim upon which relief under 28 U.S.C. § 2241 may be granted.

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition filed by petitioner Fausto Aguero Alverado (dkt. #1) is DENIED and this case is DISMISSED for failure to state a claim upon which relief under 28 U.S.C. § 2241 may be granted.

2) Petitioner's motion to lift stay (dkt. #4) is DENIED as moot.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge